IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN REES,                              :

    Plaintiff,                       :
                                    CIVIL ACTION 08-0306-WS-C
vs.                                     :

DANIEL P. MITCHELL                      :

    Defendant.                       :


**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. §1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(i) because plaintiff's claims are frivolous.

**I. Complaint.**

Plaintiff names Daniel P. Mitchell, plaintiff's court appointed defense counsel, as defendant in this action. (Doc. 1). Plaintiff describes his claim against defendant as "ineffective assis[tance] of [council], conflict of interest e[tc]." (*Id.* at 5). The complaint reads, in relevant part, as follows:

> The defendant is the ap[p]ointed trial attorney for my case No. CC-2002-281 in Baldwin Co[.]  [I] wrote a letter to the Judge, well befor[e] trial, fir[]ing attorney Mitchell and have done everything to avoid this [lawsuit], including fil[]ing a complaint with the bar, fil[]ing 2 Rule 32s.  That Court is biase[d] and protects its star ambulance chaser.

*Id*. at 4.  Plaintiff requests relief of "[$] 2,000,000,000 comp[e]nsation or [whatever] the Court deems fair."  *Id*. at 7.

**II. Standards of Review Under 28 U.S.C. §1915 (e)(2)(B).**

Because the plaintiff is proceeding *in forma pauperis*, the Court is reviewing the plaintiff's complaint (Doc. 1) under 28 U.S.C. §1915 (e)(2)(B)[1]. Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id*. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id*.  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id*.  Moreover, a complaint can be dismissed under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to §1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under §1915(e)(2)(B) is now mandatory.  *Bilal*, 251 F.3d at 1348-49.

*See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that §1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P 12(b)(6)).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Id.* at 1966 (second brackets in original).  "[L]abels and conclusions and a formulaic recitation" of the cause of action's elements are insufficient for grounds for entitlement to relief.  *Id.* at 1965.  However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007).

**III. Discussion.**

A necessary element in an action filed under 42 U.S.C. § 1983 is that the defendant have acted under color of state law when the alleged constitutional deprivation occurred.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), *overruled on other grounds Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  In a §1983 action, court-appointed, criminal defense counsel does not act under color of state law in the absence of a conspiracy.  *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981).

In *Polk County*, the Supreme Court reasoned that "[e]xcept for the source of payment, [the] relationship [between criminal defendant and defense counsel is] identical to that existing between any other lawyer and client." *Id.* at 318, 102 S.Ct. at 449.  The *Polk County* Court concluded that representing the accused "is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." *Id.* at 319, 102 S.Ct. at 450 (footnote omitted).  The Court determined that court-appointed, criminal defense counsel carried out the traditional functions of a lawyer representing a criminal defendant and therefore did not act under color of state law. *Id.* at 325, 102 S.Ct. at 453.  Thus, the Court ruled that the §1983 complaint must be dismissed against criminal defense counsel for lack of state action. *Id.*

Based on the allegations in the complaint, the defendant did not act under color of state law.  Defendant appears merely to have acted as plaintiff's defense counsel.  In addition, there is an absence of an allegation that plaintiff did act under color of state law.  Accordingly, plaintiff has failed to state a claim upon which relief may be granted against the defendant.  Notwithstanding the foregoing, after considering the context of the claims and that plaintiff's convictions and sentences have not been invalidated[2], the undersigned determines that this action is frivolous.

---

[2]   In the decision of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), the United States Supreme Court determined that a claim that would undermine a criminal conviction or sentence cannot proceed in a §1983 action if it has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

### IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 30th day of June, 2008.

                        s/WILLIAM E. CASSADY
                        **UNITED STATES MAGISTRATE JUDGE**

---

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." *Id*. at 487, 114 S.Ct. at 2372.

    A successful claim for ineffective assistance of counsel typically has affect of invalidating a conviction.  Therefore, in order to proceed on such a claim, it must be shown that the conviction has been invalidated in a manner prescribed by *Heck*, *supra*.  Plaintiff cannot make this showing.

    In the complaint, plaintiff indicated that his convictions have not been invalidated.  (Doc. 1 at 6-7).  Furthermore, plaintiff filed a petition for habeas corpus relief under 28 U.S.C. § 2254, collaterally attacking his convictions and sentences.  *See Rees v. McDonnell*, CA 04-0368-WS-M (S.D. Ala. Aug. 2, 2005).  The Court dismissed the petition finding it was procedurally defaulted.  (Docs. 22, 25, 26).  Plaintiff then filed a successive petition, *Rees v. Butler*, CA 07-0589-KD-C (S.D. Ala. Nov. 6, 2007).  However, because there was no "[indication] that plaintiff filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider [the] petition," the Court dismissed the plaintiff's second habeas petition due to his failure to comply with § 2244(b)(3)(A).  (Doc. 8 at 4; Docs. 13 & 14).

*MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT*

1. ***Objection.*** Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982)( *en banc).* The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.